```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION
```

| | | |
|---|---|---|
| KEVIN CHRISTOPHER KINCY, | § | |
| | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-0689 |
| | § | |
| BRAD LIVINGSTON, EXECUTIVE | § | |
| DIRECTOR, TEXAS DEPARTMENT | § | |
| OF CRIMINAL JUSTICE, | § | |
| DOUG DRETKE, DIRECTOR, | § | |
| CORRECTIONAL INSTITUTIONS | § | |
| DIVISION, TEXAS DEPARTMENT OF | § | |
| JUSTICE, CHARLES O'REILLY, | § | |
| SENIOR WARDEN, HUNTSVILLE | § | |
| UNIT, HUNTSVILLE, TEXAS, and | § | |
| UNKNOWN EXECUTIONERS, | § | |
| | § | |
|     Defendants. | § | |

## MEMORANDUM AND ORDER

The State of Texas has set the execution of Kevin Christopher Kincy for after 6:00 p.m. on Wednesday, March 29, 2006, pursuant to his criminal conviction for the capital murder of Jerome Harville. Twenty-seven days before his scheduled execution date, Kincy filed this action pursuant to 42 U.S.C. 1983, alleging threatened violations of the Eighth and Fourteenth Amendments to the United States Constitution by reason of the lethal injection protocol used by the State to administer the death penalty.  Kincy seeks equitable relief in the form of a permanent injunction barring Defendants from injecting him with the chemicals used in the protocol.  Defendants have moved to dismiss Kincy's action.

Kincy was convicted of capital murder and his sentence was imposed in 1995. The Texas Court of Criminal Appeals affirmed his conviction and sentence on direct review on January 21, 1998. Kincy did not seek certiorari review and 90 days later, on April 21, 1998, his sentence and conviction became final. Since that time Kincy has unsuccessfully sought state habeas corpus relief, *see* Ex parte Kincy, No. 50,266-01 (Tex. Crim. App. Nov. 21, 2001) (unpublished), and, more recently, federal habeas corpus relief in this Court, *see* Kincy v. Cockrell, No. H-02-CV-1848 (S.D. Tex., June 20, 2003) *COA denied sub nom*. Kincy v. Dretke, 92 Fed. Appx. 87 (5th Cir. Feb. 25, 2004) (unpublished), *cert. denied*, 543 U.S. 844 (2004). Not until this month, approximately eight years after his conviction became final and when his scheduled execution date is imminent, has Kincy ever raised a challenge to the State's method of administering the death penalty.[1]

In a series of similar cases the Fifth Circuit has consistently rejected the granting of equitable relief on late-filed challenges to Texas's lethal injection procedure. *See* Smith v. Johnson, -- F.3d --, 2006 WL 330114 (5th Cir. Feb. 14, 2006);

---

[1] Kincy complains in particular about the lethal combination of three chemical substances that he alleges are used, sodium thiopental, pancuronium bromide, and potassium chloride. Defendants respond that the protocol to which Kincy objects has been essentially the same since 1982, and Kincy has been on notice of it at least since 1998 when his conviction and sentence became final. Moreover, Kincy makes no allegation that Texas has recently implemented a new protocol or threatens to do so before his scheduled execution.

Neville v. Johnson, -- F.3d --, 2006 WL 291292 (5th Cir. Feb. 8, 2006); White v. Johnson, 429 F.3d 572 (5th Cir. 2005); Harris v. Johnson, 376 F.3d 414 (2004). In Smith, decided just last month, the Fifth Circuit summarized its jurisprudence on the exact issues raised in Kincy's Original Complaint:

> This Court has held that "[a] challenge to a method of execution may be filed any time after the plaintiff's conviction has become final on direct review." Neville v. Johnson, -- F.3d --, 2006 WL 291292 (5th Cir. 2006) (citing White v. Johnson, 429 F.3d 572, 574 (5th Cir. 2005)). Further, we have made clear that waiting to file such a challenge just days before a scheduled execution constitutes unnecessary delay. Harris v. Johnson, 376 F.3d 414, 417-19 (5th Cir. 2004). Although Smith's direct appeal has been final for more than nine years, he did not file the instant complaint until five days before his scheduled execution. Smith "cannot excuse his delaying until the eleventh hour on the ground that he was unaware of the state's intention to execute him by injecting the three chemicals he now challenges." Harris, 376 F.3d at 417. Whether or not Smith properly states a claim under § 1983, he is not entitled to the relief he seeks due to his dilatory filing. Smith has been on death row for more than nine years but decided to wait to challenge a procedure for lethal injection that has been used by the State during his entire stay on death row. See White, 429 F.3d at 574 (reaching the same conclusion when petitioner filed after six years); see also Harris, 376 F.3d at 417. Nonetheless, Smith contends that he has not delayed in bringing suit because his execution was not scheduled until September 9, 2005. Smith concedes that our very recent ruling in Neville, -- F.3d --, 2006 WL 291292 is "adverse" to his claim. Smith offers no other reason for the delay. Neville controls and requires us to affirm the district court's dismissal of this claim.
>
> Smith also asks this Court to stay the execution pending the Supreme Court's decision in Hill v. Crosby, -- U.S. --, 126 S. Ct. 1189, -- L.Ed.2d -- (2006) (granting certiorari), a case also involving a challenge to the method of execution. In Neville, we declined such an

> invitation, explaining that Fifth Circuit precedent "remains binding until the Supreme Court provides contrary guidance." -- F.3d at --, 2006 WL 291292 at *1 (citation omitted). Moreover, the questions presented to the Supreme Court concern whether an Eighth Amendment claim is cognizable under § 1983 or should be construed as a habeas corpus petition under 28 U.S.C. § 2254. Our precedent has not reached these questions; instead, we have denied equitable relief based on the dilatoriness of the filing.

Smith, 2006 WL 330114, at *1 (footnote omitted).

None of Kincy's arguments is able to overcome or materially distinguish the above referenced four cases recently decided by the Fifth Circuit. These precedents preclude the granting of equitable relief on a dilatory complaint such as the one filed here. Kincy could have filed his claim many years ago after his conviction and sentence became final on direct review. Instead, he waited until 27 days before his scheduled execution date. He argues that the imminence of his execution is a prerequisite for standing, a requirement for ripeness, and a prerequisite for entitlement to prospective injunctive relief, but these arguments are all without merit in light of the holding in White v. Johnson, namely, that in the absence of dramatic changes to the State's protocol, a death row inmate's challenge to the State's method of execution "would have been appropriately filed any time" after the conviction became final on direct review. White, 429 F.3d at 574. Accordingly, because Kincy's Complaint seeking injunctive relief is dilatory, Defendant's Motion to Dismiss will be granted. It is therefore

ORDERED that Plaintiff Kincy's Motion to Proceed *in forma pauperis* is GRANTED, Defendants' Motion to Dismiss is GRANTED, and Plaintiff Kevin Christopher Kincy's Original Complaint is DISMISSED with prejudice.

The Clerk shall notify all parties and provide them with a true copy of this Order.

SIGNED at Houston, Texas on this 14th day of March, 2006.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE